# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Rosa Elia Escobedo,

    Plaintiff,

v.

Wal-Mart Stores, Inc.,

    Defendant.

CIVIL ACTION NO.
1:08-cv-03237-JOF

## OPINION & ORDER

This matter is before the court on Defendant's motion for summary judgment [9].

Plaintiff, Rose Elia Escobedo, filed this personal injury suit against Defendant, Wal-Mart Stores, Inc., on September 18, 2008, in the Superior Court of Cobb County, alleging that she was injured due to Defendant's negligence in failing to keep the store's entryway clear of water during a rainstorm. Defendant removed the suit to this court on October 15, 2008. The parties engaged in discovery, including taking Plaintiff's deposition, and Defendant filed the instant motion for summary judgment on April 3, 2009. Plaintiff has not responded to Defendant's motion.

On September 24, 2006, Plaintiff and her granddaughter went to Wal-Mart at approximately 7:45 p.m. It had been raining on and off the whole day. At the time Plaintiff

arrived at Wal-Mart, the rain was so heavy that she and her granddaughter waited in the car for the rain to subside before hurrying into the store. Plaintiff took approximately three steps inside the store entrance and saw rainwater on the floor. She then slipped. Plaintiff did not have any information as to how long the water had been on the floor or whether a Wal-Mart associate had been mopping or inspecting the area.

Harrell Wreyford, the Assistant Manager of the Wal-Mart store where Plaintiff slipped, testified that he worked at the store from 9:00 a.m. to 9:00 p.m. on the day in question. He further stated that Wal-Mart had specific procedures in place to have associates inspect their work area and assure that any potential hazards were removed. This process is called "zoning." Mr. Wreyford also testified that he utilizes special procedures on rainy days and he is sure that he used those procedures on September 24, 2006. Those procedures include making sure brightly lit cones are placed in the entryways to warn of possible rainwater on the floor. He also inspects the shopping buggies to make sure they have been dried before the associates bring them back in the store. He watches the greeters to make sure they are distributing umbrella bags to customers. Mr. Wreyford also follows-up with associates to make sure they are mopping the area as frequently as possible to prevent the rainwater from accumulating. Mr. Wreyford testified that he reviewed the videotape from the store's entrance when he got the incident report for Plaintiff's fall. He

2

notes two bright orange warning cones in the entryway and the vestibule of the store warning of rainwater at the time Plaintiff slipped.

Generally, "to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *See*, *e.g.*, *Robinson v. Kroger Co.*, 268 Ga. 735, 748-49 (1997). "A plaintiff cannot recover on a premises liability claim unless the defendant had superior knowledge of the hazard; consequently, the defendant is entitled to summary judgment if there is no evidence that it had superior knowledge or if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant." *Diaz v. Wild Adventures, Inc.*, 289 Ga. App. 889, 891 (2008) (quotations and citations omitted).

Georgia courts have considered these general rules in light of the specific circumstances of "rainy day slip and fall" cases. For example, in *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44 (1985), the court discussed liability in cases of slip and fall on floors made wet by rainy conditions. *Id.* at 45 (citing seminal case of *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (1965)). Under Georgia law, "the owner of such premises is not an insurer of safety of persons invited therein, nor is there any

3

AO 72A
(Rev.8/82)

presumption of negligence on the part of the owner or occupier merely upon a showing of injury." *Id.* The court further stated that:

> It is common knowledge that when people enter any building in rainy conditions, moisture is tracked in and the inside of the door is likely to be wet; it is a matter of common knowledge that some water will normally be present where shoppers pass during rainy weather. It is not the duty of persons in control of such buildings to keep a large force of moppers to remove the rain as fast as it collects. The duty owed to such invitees is one of ordinary care, or to protect against an unreasonable risk of harm. The risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate.

*Id.* (quotations and citations omitted). "Store proprietors are not liable to patrons who slip and fall on floors made wet by rain conditions unless there has been an unusual accumulation of water and the proprietor has failed to follow reasonable inspection and cleaning procedures." *Walker v. Sears Roebuck & Co.*, 278 Ga. App. 677, 680 (2006). Thus, Georgia courts have determined that the common knowledge of the fact that patrons bring rain in with them from outdoors on a rainy day which can then accumulate in entrance ways, is a risk of harm shared by all who go out on a rainy day. *Id.*; *see also Emory Univ. v. Smith*, 260 Ga. App. 900, 901-02 (2003) ("Plaintiffs in rainy day slip and fall cases are charged with equal knowledge that water is apt to be found in any area frequented by people coming in from the rain outside."). Ultimately, "proprietors are not liable to patrons who slip and fall on floors made wet by rain conditions unless there has been an unusual

4

accumulation of water and the proprietor has failed to follow reasonable inspection and cleaning procedures." *Walker*, 278 Ga. App. at 680.

Here, Plaintiff acknowledged that it was raining heavily on the evening in question. Defendant has presented undisputed evidence that two bright orange cones in the entryway warned customers of the presence of accumulated water from the rain. Store associates were frequently mopping the entrance area, providing umbrella bags to patrons, and drying buggies before bringing them into the store. No evidence has been presented that the accumulation of water was unusual. Under these circumstances, the court GRANTS Defendant's motion for summary judgment [9]. The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaint.

**IT IS SO ORDERED** this 7th day of October 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)